*111 OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law over 10 years ago and maintains an office in the Seventh Judicial District. He has no prior disciplinary history. In March 2015, the Grievance Committee filed a petition alleging six charges of professional misconduct against respondent, including neglecting client matters, failing to communicate with clients, failing to refund unearned legal fees, failing to comply with attorney registration requirements, and failing to cooperate in the investigation of the Grievance Committee. Although respondent initially defaulted in answering the petition, he subsequently retained counsel and was granted leave to file a late answer, wherein he denied material allegations of the petition. This Court thereafter appointed a referee to conduct a hearing. Prior to the hearing, however, respondent moved this Court for an order staying the proceeding and diverting him to a monitoring program for alcohol abuse. On the motion, respondent acknowledged that he had developed a substance abuse problem that affected his ability to function as a lawyer and established that he had recently sought assistance from the New York State Bar Association Lawyer Assistance Program (LAP). Respondent additionally submitted proof that he had resumed complying with attorney registration requirements and had repaid to certain clients a substantial portion of the unearned legal fees at issue herein. By confidential order entered September 16, 2015, this Court granted the motion for diversion, stayed the disciplinary proceeding, and directed respondent to complete a monitoring program for alcohol abuse under the supervision of LAP for a period of one year. The Court additionally conditioned the stay on respondent repaying all remaining unearned legal fees owed to clients within 90 days. In January 2016, the Court-appointed monitor filed an interim report stating that respondent was complying with the terms of the monitoring agreement and, in October 2016, the monitor filed a final report stating that respondent had successfully completed the monitoring program. The parties appeared before this Court in December 2016, at which time respondent submitted matters in mitigation, including that he had made personal and professional changes to facilitate his sobriety. During the appearance, counsel for respondent requested that this Court dismiss the petition, and counsel for the Grievance Committee joined in that request, noting that respondent had resolved all issues raised by the charges. *112 Counsel for the Grievance Committee additionally confirmed that, since respondent entered the monitoring program, he had not become the subject of any additional disciplinary complaints.
Section 1240.11 of the Rules of the Appellate Division, All Departments (22 NYCRR), provides that, whenever the respondent in an attorney disciplinary investigation or proceeding raises as a defense or mitigating factor a claim of impairment based on alcohol or substance abuse, or other mental or physical health issues, this Court, upon application of any person or on its own motion, may stay the investigation or proceeding and direct the respondent to complete an appropriate treatment and monitoring program approved by the Court. In making such a determination, the Court must consider the nature of the alleged misconduct; whether the alleged misconduct occurred during a time period when the respondent was suffering from the claimed impairment; and whether diverting the respondent to a monitoring program is in the public interest (see 22 NYCRR 1240.11 [a] [l]-[3]). Upon submission of proof that the respondent has successfully completed a Court-approved monitoring program, this Court may direct a discontinuance or resumption of the investigation or proceeding, or take any other appropriate action (see 22 NYCRR 1240.11 [b]). All aspects of an application for relief under section 1240.11, including the fact that the respondent participated in a Court-approved monitoring program, are confidential and sealed pursuant to Judiciary Law §§ 90 (10) and 499 (see 22 NYCRR 1240.11 [c]).
In this case, the parties agree that the alleged professional misconduct occurred while respondent was suffering from alcohol abuse, and he has since successfully completed a Court-approved monitoring program for that condition and resolved all issues raised by the charges, including repaying all unearned legal fees owed to clients. In addition, respondent has remained sober and has not become the subject of any additional disciplinary complaints. Accordingly, after consideration of all of the factors in this matter, we conclude that the petition should be dismissed.
Smith, J.R, Carni, DeJoseph, NeMoyer and Troutman, JJ., concur.
Order entered dismissing petition.